■ In the Matter of the Claim of JOSEPH SALVATO, Respondent, v. METROPOLITAN LIFE INSURANCE CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal upon a shortened record from a decision of the Workmen's Compensation Board which found that claimant's injuries arose out of and in the course of employment. Claimant was employed by Metropolitan Life Insurance Company as an agent. His job consisted of selling insurance, collecting premiums and servicing policyholders. He had no set hours and he was given $10 per week for the use of his automobile throughout the metropolitan area which was his territory. Claimant testified that twice a week, Tuesday and Friday mornings at 8:30, "we must go in to make deposits, the money that we collect during the week, during the other days." On Friday morning, January 18, 1963, shortly after 8:00 o'clock, while on the way to his employer's office, claimant's car skidded on ice and hit a tree causing claimant to suffer lacerations and broken ribs. At the time of the accident, claimant had in his possession his collections, unplaced policies and his collection records. Appellant argues that since the accident occurred while en route to a fixed place of employment it is noncompensable. It is urged that because on these two mornings claimant was required to make deposits at the office he reverted to the status of a regular inside employee. We do not believe that the Workmen's Compensation Board committed error in rejecting this contention. The very nature of claimant's employment, insurance salesman-collector, brings him within the classification of outside worker. His territory and hours were undefined, he received a weekly travel allowance and at the time of the accident his trip was incidental to his employment. There is no evidence that claimant was required to perform any duties at the office other than to hand in money. The circumstances in this case do not require the Workmen's Compensation Board to adopt the narrow view that claimant stepped out of his regular character and became an inside worker simply because he was headed for his employer's office when the accident happened (see Matter of Monahan v. Remington Rand, 9 A D 2d 810, mot. for lv. to app. den. 7 N Y 2d 709; Matter of Gottshall v. United Utilities & Specialty Co., 275 App. Div. 736, mot. for lv. to app. den. 300 N. Y. 761). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.